**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| FELICIA LYNUM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:07-1745-MJP-BM |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE | ) | |
| OFFICE OF THE ATTORNEY | ) | |
| GENERAL; U.S. DEPARTMENT | ) | |
| OF JUSTICE, SOUTH CAROLINA | ) | |
| DISTRICT; U.S. DEPARTMENT | ) | |
| OF DEFENSE; INTERMARK | ) | **REPORT AND RECOMMENDATION** |
| MANAGEMENT CORP.; | ) | |
| PALMETTO REGIONAL ER | ) | |
| HOSPITAL FOR ANIMALS; | ) | |
| PALMETTO HEALTH RICHLAND; | ) | |
| ALVIN S. GLENN DETENTION | ) | |
| CENTER; PROVIDENCE | ) | |
| HOSPITAL; RICHLAND SPRINGS | ) | |
| AT PALMETTO HEALTH | ) | |
| RICHLAND; AND STATE OF | ) | |
| SOUTH CAROLINA, COUNTY OF | ) | |
| RICHLAND, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action was originally filed by the Plaintiff, pro se, in the South Carolina Court

of Common Pleas, Fifth Judicial Circuit, seeking compensation for personal injuries allegedly

suffered by the Plaintiff.  Plaintiff is a frequent filer of litigation in this Court.  All of Plaintiff's cases

have involved complaints by her that the government is monitoring her, that there are people or

animals hiding in her attic who are doing things to her, that public authorities are refusing to help her,

and that even private entities such as power companies are doing things to her.  Her first case, Lynum

1



v. Federal Bureau of Investigation, et al., C/A 3:06-3579, was summarily dismissed by the Court and is currently on appeal.  Plaintiff's second case, Lynum v. U.S. Department of Justice, et al., C/A No. 3:07-313, as well as her third case, Lynum v. State of South Carolina, et al., C/A No. 3:07-549, were both voluntarily dismissed by the Plaintiff after Report and Recommendations for summary dismissal had been filed. Plaintiff subsequently sought to reopen both of those cases, but her motions to reopen were denied. Both of those cases are now also on appeal. In her present Complaint, although some new Defendants have now made an appearance, Plaintiff continues to allege that she is being monitored by persons unknown, that people are allegedly living in the attic above her apartment and tormenting her, and that government authorities refuse to help her.  On her docketing information sheet, Plaintiff characterizes the nature of this action as being one for legal and medical malpractice, assault/slander/libel, personal injury, wrongful death, and illegal activity on property.  The box marked "other" is also checked.

The United States of America, by and on behalf of the Defendants U.S. Department of Justice and U.S. Department of Defense, removed this case to federal court on June 22, 2007 based on original subject matter jurisdiction due to federal agencies being named as parties. See 28 U.S.C. §§ 1346 and 1442.  These Defendants thereafter filed a motion to dismiss on July 2, 2007, asserting that they are entitled to dismissal as party Defendants in this case. When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally

2



construing a complaint filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case. <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  As the Plaintiff is proceeding <u>pro se</u>, her pleadings are considered pursuant to this liberal standard.  However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, <u>Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center</u>, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

As the Plaintiff is proceeding <u>pro se</u>, a <u>Roseboro</u> order was entered by the Court on July 3, 2007, advising Plaintiff of the importance of a motion to dismiss and of the need for her to file an adequate response.  Plaintiff was specifically advised that if she failed to adequately respond, these Defendants' motion might be granted.  However, notwithstanding the specific notice and instructions as set forth in the Defendants' motion to dismiss as well as the Court's <u>Roseboro</u> order, Plaintiff has failed to file any response to the Defendants' motion, which is now before the Court for disposition.[1]

With respect to the named federal Defendants; the U.S. Department of Justice, Office of the Attorney General, and U.S. Department of Defense; these Defendants assert in their motion that they are entitled to dismissal as party Defendants for lack of subject matter jurisdiction.

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C.  The Defendants have filed a motion to dismiss.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Specifically, these Defendants assert that the only basis for a lawsuit against the United States is under the Federal Tort Claims Act (FTCA), and that under the FTCA, prior to bringing a lawsuit, a claimant must first present their claim to the appropriate federal agency and have received a final denial of the claim or six months have elapsed. See 28 U.S.C. § 2675(a); see Ahmed v. United States, 30 F.3d 514 (4th Cir. 1994); see also United States v. Sherwood, 312 U.S. 584, 590 (1941) [limitations placed on the FTCA's waiver of sovereign immunity by the United States are to be strictly construed].  Defendants assert that Plaintiff has failed to exhaust her administrative remedies under § 2675(a), and that this requirement of the filing of an administrative claim is jurisdictional and cannot be waived. Henderson v. United States, 785 F.2d 121 (4th Cir. 1986); Garrett v. United States, 640 F.2d 24, 25 (6th Cir. 1981).

In support of their argument, the federal Defendants have submitted an affidavit from Aleta Bodolay, a claims examiner for the United States Department of Justice, who attests that she has searched the records of the civil division of the Department of Justice and has found no record of an administrative claim having ever been presented by the Plaintiff. See Bodolay Affidavit.[2]  As noted, Plaintiff has failed to respond to the Defendants' motion, and has therefore provided no evidence, allegations, or even argument to show that she has exhausted her administrative remedies under the FTCA.  Therefore, these Defendants are entitled to dismissal as party Defendants in this case. McNeil v. United States, 508 U.S. 106, 113 (1993) ["The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"].

---

[2]While consideration of matters outside the pleadings will normally serve to convert a Rule 12 motion to a Rule 56 motion for summary judgment, that is not the case where the matters considered are matters of public record. Briggs v. Newberry County Sch. District, 838 F.Supp. 232, 233-234 (D.S.C. 1992), aff'd, 989 F.2d 491 (4th Cir. 1993).



With respect to the remaining Defendants, none of these Defendants have filed a responsive pleading or otherwise made an appearance, nor does the record reflect whether they have even been served with process in the case.  In any event, since the basis for the removal of this case to federal court was the presence of the two federal Defendants, and since those two federal Defendants are entitled to dismissal as party Defendants, this case should now be remanded back to state court for disposition. United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Melon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996).

## Conclusion

Based on the foregoing, it is recommended that the federal Defendants' motion to dismiss be **granted**, and that they be **dismissed** as party Defendants in this case. It is further recommended that the case then be **remanded** to state court for disposition.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 16, 2007

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

