# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| Felicia Lynum, | ) | CIVIL ACTION NO.: 3:07-1745-MJP-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. Department of Justice Office | ) | |
| of the Attorney General; U.S. | ) | |
| Department of Justice, South | ) | **ORDER** |
| Carolina District; U.S. Department | ) | |
| of Defense; Intermark Management | ) | |
| Corp.; Palmetto Regional ER | ) | |
| Hospital for Animals; Palmetto | ) | |
| Health Richland; Alvin S. Glenn | ) | |
| Detention Center; Providence | ) | |
| Hospital; Richland Springs at | ) | |
| Palmetto Health Richland; and | ) | |
| State of South Carolina, County | ) | |
| of Richland, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court pursuant to a Report and Recommendation submitted by United States Magistrate Judge Bristow Marchant, to whom it was referred for review under 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rules. This matter was originally filed by the Plaintiff Felicia Lynum ("Plaintiff"), *pro se*, in the South Carolina Court of Common Pleas, Fifth Judicial Circuit. The Plaintiff's Complaint includes a number of allegations against an attorney allegedly living in her attic, including trespass, slander, rape, torture, and animal cruelty toward her pet cats. Plaintiff further alleges mistreatment by medical professionals during the course of treatment and failure of agencies such as the Sheriff's Department and U.S. Department of Justice to provide her protection against the alleged activities. On her docketing

information sheet, Plaintiff characterizes the nature of this action as being one for legal and medical malpractice, assault/slander/libel, personal injury, wrongful death, and illegal activity on property. The box marked "other" is also checked.

The United States, by and on behalf of the Defendants U.S. Department of Justice and U.S. Department of Defense ("U.S. Defendants"), removed this case to federal court on June 22, 2007 based on original subject matter jurisdiction due to federal agencies being named as parties. *See* 28 U.S.C. §§1346 and 1442. The U.S. Defendants thereafter filed a motion to dismiss on July 2, 2007, pursuant to Federal Rules of Civil Procedure Rule 12(b).

This action has been brought by the Plaintiff *pro se*. This Court is required to construe such *pro se* pleadings liberally to allow for the development of a potentially meritorious claim. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.E.2d. 652 (1972). *Pro se* Pleadings are held to a lower standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The applicable standard of review for this Court is clear. The Magistrate Judge makes
only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Matthews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of

objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198 (4th Cir. 1983). No objections to the present Report and Recommendation have been filed.

In this case, the Magistrate Judge recommends that the U.S. Defendants' motion to dismiss for lack of subject matter jurisdiction be granted. The Magistrate Judge points out that the only basis for a lawsuit against the United States is under the Federal Tort Claims Act (FTCA), and that under the FTCA, prior to bringing a lawsuit, a claimant must first present their claim to the appropriate federal agency and have received a final denial of the claim or six months have elapsed. *see* 28 U.S.C. § 2675(a); *see* Ahmed v. United States, 30 F.3d 514 (4th Cir. 1994); *see also* United States v. Sherwood, 312 U.S. 584, 590 (1941) [limitations placed on the FTCA's waiver of sovereign immunity by the United States are to be strictly construed]. U.S. Defendants assert that Plaintiff has failed to exhaust her administrative remedies under § 2675(a), and that this requirement of the filing of an administrative claim is jurisdictional and cannot be waived. Henderson v. United States, 785 F.2d 121 (4th Cir. 1986); Garrett v. United States, 640 F.2d 24, 25 (6th Cir. 1981). In addition, since the basis for the removal to federal court was the presence of the U.S. Defendants, the Magistrate Judge recommends that this case now be remanded back to state court for further disposition involving the remaining Defendants.

After reviewing the entirety of this case, including the Report and Recommendation, this Court approves the recommendations of the Magistrate Judge. The U.S. Defendants' motion to dismiss is **granted**, and the U.S. Defendants are therefore **dismissed** as party

defendants in this case.  It is further ordered that the case then be **remanded** to the state court for further disposition.

**IT IS SO ORDERED**.

s/ Matthew J. Perry, Jr.
**SENIOR UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina**

**September 10, 2007**